IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEEL S. STYLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-692-D-BN |
| | § | |
| AIR SERVE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* employment-related action filed by Plaintiff Teel S. Styles has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this duplicative action with prejudice as malicious.

**Applicable Background**

Styles filed this action on March 22, 2018. *See* Dkt. No. 3. The next day, the undersigned granted Styles's motion for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. Nos. 4 & 5, and, consistent with the obligation to screen actions filed IFP, issued a notice of deficiency (the "NOD") requiring that Styles file an amended complaint on a court-provided form no later than April 23, 2018, *see* Dkt. No. 6. The NOD further informed Styles that

[a] separate but related deficiency appears to plague [the] new complaint.

> On January 2, 2018, the Court dismissed her Title VII claims against Defendant Air Serve Corporation with prejudice as barred by the applicable statute of limitations, after Styles failed to file an amended complaint asserting her right to equitable tolling of that statute. *See Styles v. Air Serve Corp.*, No. 3:17-cv-2201-K-BN, Dkt. No. 13 (N.D. Tex. Jan. 2, 2018); *see also Styles v. Air Serve Corp.*, No. 3:17-cv-2201-K-BN, 2017 WL 5891801 (N.D. Tex. Oct. 24, 2017), *rec. accepted*, 2017 WL 5749666 (N.D. Tex. Nov. 27, 2017). The [Equal Employment Opportunity Commission (the "EEOC")] right-to-sue letter attached to the complaint in this action matches the one Styles filed in the previous action. *Compare* Dkt. No. 3 at 2, *with Styles*, 2017 WL 5891801, at *1. It appears therefore that this action may be subject to dismissal (under Section 1915(e)(2)(B)) based on res judicata.

*Id.* at 2-3. Styles filed an amended complaint, as ordered, on April 23, 2018. *See* Dkt. No. 7.

## Legal Standards and Analysis

A district court is required to screen a civil action filed IFP and may summarily dismiss that action if it concludes, for example, that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

Where the claims presented in a case "are duplicative of claims already asserted and dismissed in [a] previous case," those claims "must be dismissed as malicious" or, alternatively, because they "are also barred by the doctrine of *res judicata*, ... for failure to state a claim." *Yarborough v. Sheriff, Tarrant Cty., Tex.*, No. 4:11-cv-207-Y, 2011 WL 4736302, at *1-*2 (N.D. Tex. Oct. 6, 2011) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915[(e)] as malicious."

(citations and internal quotation marks omitted)); *Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616, at \*3-\*4 (N.D. Tex. Dec. 3, 2002) (dismissing as duplicative even though earlier case was dismissed without reaching its merits); *see also Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at \*4 (N.D. Tex. Sept. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))).

"[D]eclaring that a successive *in forma pauperis* suit is 'malicious' ... insures that the plaintiff obtains one bite at the litigation apple – but not more." *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (quoting *Pittman*, 980 F.2d at 995; quotation modified).

As pointed out in the NOD, this action appears to assert claims based on a charge of discrimination Styles filed with the EEOC on April 17, 2017. *See* Dkt. No. 7 at 12-15. Styles received a right-to-sue letter as a result of that charge on April 20, 2017. *See id.* at 16. The same right-to-sue letter supported the previous action filed in this Court. *Compare* Dkt. No. 3 at 2, *with Styles*, 2017 WL 5891801, at \*1.

> The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in

> privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

*Chalmers v. City of Dallas*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014).

The first three conditions are easily met here – as between the two actions, the parties are identical, and this Court entered a final judgment dismissing the prior case as time-barred. *See Carter v. Nicholson*, No. 07-20169, 2007 WL 3316086, at *2 (5th Cir. Nov. 8, 2007) (per curiam) ("There is ... no doubt that the dismissal of a claim as time-barred is a final judgment on the merits for res judicata purposes." (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1993) (en banc) ("Dismissals for want of jurisdiction are not decisions on the merits, while those based on limitations are." (citations omitted)))). *Accord Ellis*, 211 F.3d at 937.

And, to the extent that Styles presents claims here that go beyond the more focused Title VII claims made against Air Serve in the previously-dismissed action – which could implicate the fourth condition – in this circuit, courts use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96

(5th Cir. 2004))); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True *res judicata* bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

Here, Styles makes clear in the amended complaint that the alleged discriminatory acts occurred in May 2016. *See* Dkt. No. 7 at 4 & 7; *see also id.* at 12 (EEOC charge alleging that the alleged discrimination took place no earlier than May 2, 2016 and at the latest on July 11, 2016). Given that "a plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply with general rules governing federal litigation respecting other potentially viable claims"; because the amended complaint in this action compared against the complaint filed in No. 3:17-cv-2201-K-BN reflects that the "claims arose from the same nucleus of operative fact"; and because the claims here "predate" No. 3:17-cv-2201-K-BN, this action is barred by res judicata. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004) (citation and internal quotation marks omitted). Accordingly, as this action is duplicative of the previously-dismissed action, the current complaint should

"be dismissed as malicious." *Yarborough*, 2011 WL 4736302, at *2.

## Recommendation

The Court should dismiss this action barred by res judicata as malicious.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 24, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE